

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON

ENTERED
05/05/2021

| | | |
|---|---|---|
| IN RE: | § | |
| **LOCKE AND KEY REALTY,** | § | **CASE NO: 21-31516** |
| Debtor. | § | |
| | § | |
| | § | **CHAPTER 11** |

**ORDER
TO SHOW CAUSE**

On May 4, 2021, Locke and Key Realty, ("*Debtor*") filed a chapter 11 petition without the benefit of counsel.  Although individuals have the right to proceed pro se, corporations are fictional legal persons who can only be represented by licensed counsel.[1]  As such, the Court sets a show cause as to why Debtor filed the instant case without counsel.  It is therefore:

**ORDERED:** that

1. A show cause electronic hearing will be held on **May 26, 2021 at 9:30 a.m.** (Central Standard Time).  Debtor's representative must attend the hearing.

2. Debtor's representative must be prepared to demonstrate to the Court why the instant chapter 11 case was filed without counsel.  Should Debtor fail to be represented by licensed counsel, the case shall be dismissed.

3. To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez.  Parties are additionally instructed: (i) the dial-in-number for hearings before Judge Rodriguez is 832-917-1510 and the conference room number is 999276; **AND** (ii) for video appearances and witness testimony, parties are to utilize the GoToMeeting web-based application and enter conference code: judgerodriguez.

4. Within two business days of receipt of this Order, Debtor's representative must serve a copy of this Order on all parties entitled to notice of the hearing and file a certificate of service with the Clerk's office.

SIGNED May 5, 2021

_____
Eduardo Rodriguez
United States Bankruptcy Judge

---

[1] *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir.1984) (per curiam); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 54–56 (5th Cir.1982); *In re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir.1981).